[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-11302

_____

STEVEN LUDWIG,

Plaintiff-Appellant,

*versus*

DEUTSCHE BANK AG, et al.,

Defendants,

DB USA CORE CORPORATION,

Defendant-Appellee.

_____

2                    Opinion of the Court                    22-11302

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00910-MMH-MCR

_____

Before JORDAN, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Steven Ludwig appeals the district court's Rule 12(b)(6) dismissal, with prejudice, of his claim against DB USA Core Corporation under the Florida Whistleblower Act, Fla. Stat. §§ 448.102, 448.103. Following oral argument and a review of the record, we affirm.

The district court dismissed Mr. Ludwig's second amended complaint on two grounds. First, it ruled that the second amended complaint contained only "threadbare and conclusory allegations" as to Mr. Ludwig's objections to DB USA's alleged violations. *See* D.E. 55 at 18. Second, it ruled that the second amended complaint failed to plausibly allege causation—that Mr. Ludwig's termination was causally linked to his objections. *See id.* at 22-24.

On appeal, Mr. Ludwig challenges the first basis for dismissal, arguing that the district court improperly applied a heightened pleading standard. *See* Appellant's Br. at 14-17. But he does not argue in any way that the district court's second basis for dismissal—the failure to plausibly plead causation—was erroneous. When a district court bases its dismissal of a complaint on multiple independent grounds, an appellant needs to show that each ground

22-11302              Opinion of the Court                3

is erroneous in order to obtain a reversal.  If he fails to challenge one of those grounds, he has abandoned any challenge to that ground, and the judgment is due to be affirmed.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  That is the case here, as Mr. Ludwig has not argued that the district court erred in ruling that he failed to plausibly allege causation.  Consequently, we affirm the district court's dismissal of his second amended complaint.

**AFFIRMED**.